UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-554-FDW
(3:89-cr-46-FDW-DSC)

| | |
|---|---|
| **RUSSELL BRICE HINSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be dismissed.

I.        BACKGROUND

On April 5, 1989, Petitioner was indicted by the grand jury in this district on one count of conspiracy to threaten and intimidate two U.S. citizens, in violation of 18 U.S.C. § 241 (Count One), and of aiding and abetting in the attempt to intimidate and interfere with a black male occupying a dwelling with a person of another race, in violation of 42 U.S.C. § 3631(b)(1) (Count Two). (Criminal Case No. 3:89-cr-46-FDW-DSC, Doc. No. 1 at 2, 3:13-cv-554, Doc. No. 1 at 39-41: Indictment).

Petitioner entered into a plea agreement with the Government and agreed to plead guilty to Count One, and the Government agreed to dismiss Count Two. On July 27, 1989, Petitioner appeared with counsel for his Rule 11 plea hearing. The Court found a factual basis to support Petitioner's guilty plea to Count One and accepted the plea and proceeded to sentencing. The Court sentenced Petitioner to a five-year suspended sentence with the specific condition that

1

Petitioner must not violate any federal, state or local laws. (3:89-cr-46, Doc. No. 1 at 2). Petitioner did not file a direct appeal from this judgment.

On January 15, 1993, the U.S. Probation Office filed a probation violation report which alleged that Petitioner had been charged with first-degree murder in Union County, North Carolina. (3:13-cv-554, Doc. No. 1 at 21-22). On December 16, 1993, Petitioner was convicted on the charge of first-degree murder in Union County Superior Court. Petitioner was sentenced to life imprisonment and his conviction and sentence were affirmed on appeal by the Supreme Court of North Carolina. State v. Hinson, 341 N.C. 66, 459 S.E.2d 261 (1995). Petitioner did not seek further review of this judgment.

On November 3, 1994, the U.S. Magistrate Judge issued a writ of habeas corpus ad prosequendem and Petitioner was delivered from the North Carolina Department of Corrections for a hearing on the alleged federal probation violation before the district court. Following the hearing, the Court revoked Petitioner's 5-year suspended sentence and ordered that the 5-year sentence be activated. Further, the Court ordered that Petitioner would serve this 5-year sentence following the expiration of his state sentence of life imprisonment. (3:89-cr-46, Doc. No. 1 at 3). This judgment was filed on January 24, 1995, and Petitioner did not file an appeal.

On or around December 3, 2012, this Court received a letter from Petitioner which was dated November 28, 2012. Petitioner stated that unnamed prison staff had informed him several times that his federal sentence was ordered to run consecutively to his state sentence. However, Petitioner stated that he was assigned a new case manager who informed him that his federal sentence was, in fact, to run concurrent with his state sentence. Petitioner claimed that a federal detainer had been placed in his prison file and that the detainer was hampering his eligibility for a host of rehabilitative programs in state prison and had hindered his "advancement through the

custody levels." In sum, Petitioner moved the Court to order that his federal sentence run concurrently to his state sentence if that was not already the case. (3:12-cv-830-FDW, Doc. No. 2). On March 5, 2013, the Court entered an Order denying Petitioner's motion to modify his federal sentence. The Court noted that once a sentence had been imposed it could only be modified in a limited number of circumstances. (Id. at 2-3) (Discussing provisions of 18 U.S.C. § 3582(c)). Petitioner did not appeal from this Order.

On October 1, 2013, Petitioner filed the present § 2255 motion and again moves the Court to amend his judgment and order that his federal sentence run concurrently with his state sentence. Petitioner renews his arguments regarding the adverse impact of the federal detainer contending, vaguely, that the detainer "may be violating [his] constitutional rights." Petitioner asserts that he wrote a letter to the director of the Federal Bureau of Prisons in July 2013, in an effort to have his federal sentence modified or vacated, but he received no relief. (3:13-cv-554, Doc. No. 1 at 4-5).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).[1]

---

[1] The Court notes that Petitioner neglected to sign his § 2255 motion. See Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. Based on the findings set out below, the Court finds that it would clearly be futile to offer an opportunity to correct this deficiency.

## III. DISCUSSION

A. <u>Timeliness</u>

Petitioner's federal judgment was filed on January 24, 1995, and he did not file a direct appeal; therefore, his judgment became final 10-days following entry of judgment. The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 to provide that a § 2255 motion must be filed within one year of the date the judgment becomes final. In particular, the AEDPA provides that,

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's § 2255 motion was filed in this Court on October 1, 2013. In order for Petitioner's motion to be timely he must have filed it by April 24, 1997, or one year after the AEDPA became effective. <u>See</u> <u>United States v. Forbes</u>, 153 F.3d 723 (Table) (4th Cir. Aug. 7, 1998); <u>Aron v. United States</u>, 291 F.3d 708, 712-713 (11th Cir. 2002) (internal citations omitted)

4

(explaining that petitioners whose judgments became final before the effective date of the AEDPA, should have one year from the effective date to file a § 2255 motion).

In his motion, Petitioner explains that his case manager advised him in October or November 2012 that he "needed to present the appropriate paperwork to the courts to resolve the consecutive status of the federal sentence. That was when [Petitioner] was first notified that I would probably never receive parole as long as the federal detainer remained intact." (3:13-cv-554, Doc. No. 1 at 12). Petitioner appears to tie the date of his filing the § 2255 motion to the moment he was informed about the possibility that his federal sentence may actually run concurrently with his state sentence. (Id.). The Section 2255 motion was therefore filed within one year of the date that Petitioner received the information from his case manager. However, this cannot serve to render his Section 2255 motion timely. Petitioner's judgment was final in February 1995, and the AEDPA became effective on April 24, 1996, therefore Petitioner's § 2255 motion must have been filed within one year of the effective date. Petitioner's § 2255 motion, filed on October 1, 2013, is over 16 years late, and it is due to be dismissed as untimely unless Petitioner can establish a case for equitable tolling.[2]

B.     Equitable Tolling

In order to establish a case for equitable tolling, a petitioner must demonstrate that (1) he has diligently pursued his right to petition for collateral relief, and (2) some extraordinary circumstance prevented the timely filing of the petition. See United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (unpublished) (citing Holland v. Florida, 560 U.S. 631 (2010)). The record in this case demonstrates that Petitioner can make no such showing.

---

[2] The Court finds that Petitioner is sufficiently aware that his petition is untimely and that no warning should be issued regarding time. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Moreover, as noted herein, Petitioner's claims are without merit.

On November 22, 1994, Petitioner appeared before the U.S. Magistrate for his first appearance on the alleged probation violation which was based on the state charge of first degree murder. The record reflects that Petitioner received a copy of the probation report and understood the charges and possible penalties. Petitioner requested and was appointed counsel. (3:89-cr-46, Doc. No. 1 at 3). On January 24, 1995, Petitioner appeared with counsel for his probation violation hearing. Following the hearing, the Court revoked his probation and activated his 5-year sentence and specifically ordered that the federal sentence would begin upon the expiration of his state sentence for murder, that is, the federal sentence would run consecutively to the state sentence.

Petitioner's letter to the Court in November 2012 makes plain that he was informed by prison staff over the course of several years following his 1995 revocation hearing that his federal sentence was ordered to run consecutively to the state sentence. Petitioner contends that the first time he heard that his federal sentence might actually run concurrently was in October or November 2012, when he was informed by an unidentified case manager. (3:12-cv-830, Doc. No. 1). Thus, Petitioner's own statements to this Court provide evidence that Petitioner knew, at the very least, that prison staff believed his federal sentence ran consecutively to the state sentence from sometime after his revocation for an unspecified number of years.

The Court finds that Petitioner's effort to file for relief under § 2255, some 16 years after the Court informed him, in open court, that his federal sentence would run consecutively to his state sentence, is no example of diligently pursuing his right to petition the Court for relief in a collateral proceeding.

Finally, Petitioner's claim that his consecutive sentence may be unconstitutional is without merit and cannot support equitable tolling. Federal law specifically provides that "if a

term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . ." 18 U.S.C. § 3584(a). Thus, even if Petitioner's § 2225 motion were timely, he would still be entitled to no relief as these proceedings are limited to challenging a "sentence that was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as untimely. (Doc. No. 1).

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Further, the Court finds that Petitioner has failed to demonstrate that the dispositive procedural rulings are debatable. See Slack, supra. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

Signed: October 10, 2013

Frank D. Whitney
Chief United States District Judge

7